**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BARBARA G. BROWN, as President and on behalf of the CITYWIDE ASSOCIATION OF LAW ASSISTANTS, ARTHUR CHELIOTES, as President and on behalf of LOCAL 1180, COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, JOHN CLANCY, as President and on behalf of the COURT OFFICERS BENEVOLENT ASSOCIATION OF NASSAU COUNTY, CLIFFORD KOPPELMAN, as President and on behalf of LOCAL 1070, DISTRICT COUNCIL 37 AFSCME, AFL-CIO, BRENDA LEVINSON, as President and on behalf of the COURT ATTORNEYS ASSOCIATION OF THE CITY OF NEW YORK, CHRISTOPHER MANNING, as President and on behalf of the SUFFOLK COUNTY COURT EMPLOYEES ASSOCIATION, INC., JOHN STRANDBERG, as President and on behalf of the SUPREME COURT OFFICERS ASSOCIATION, and JOSEPH C. WALSH, as President and on behalf of the NEW YORK STATE COURT CLERKS ASSOCIATION,**

                Plaintiffs,

  vs.                                             1:13-CV-645
                                                     (MAD/CFH)

**THE STATE OF NEW YORK, ANDREW M. CUOMO, individually, and in his official capacity as Governor of the State of New York, NEW YORK STATE UNIFIED COURT SYSTEM, JONATHAN LIPPMAN, individually and in his capacity as the Chief Judge of the State of New York, A. GAIL PRUDENTI, individually and in her capacity as Chief Administrative Judge of the State of New York, NEW YORK STATE CIVIL SERVICE DEPARTMENT, PATRICIA A. HITE, individually, and in her official capacity as Commissioner of the New York State Civil Service Department, NEW YORK STATE CIVIL SERVICE COMMISSION, CAROLINE W. AHL and J. DENNIS HANRAHAN, individually, and in their official capacities as Commissioners of the New York State Civil Service Commission, ROBERT L. MEGNA, individually, and in his official capacity as Director of the New York State Division of the Budget, and THOMAS P. DiNAPOLI, individually, and in his official capacity as**

**Comptroller of the State of New York, and NEW YORK**

**STATE AND LOCAL RETIREMENT SYSTEM,**

                    **Defendants.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GREENBERG BURZICHELLI<br>GREENBERG P.C.<br>3000 Marcus Avenue, Suite 1W7<br>Lake Success, New York 11042<br>*Attorneys for Plaintiffs* | SETH H. GREENBERG, ESQ. |
| ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>The Capitol Assistant Attorneys General<br>Albany, New York 12224<br>*Attorney for Defendants* | LAURA A. SPRAGUE, ESQ. |

**Christian F. Hummel, U.S. Magistrate Judge:**

## REPORT-RECOMMENDATION AND ORDER[1]

### INTRODUCTION

Familiarity with the underlying facts and procedural history is presumed based upon prior Memorandum-Decision and Order ("MDO") issued by the Hon. Mae A. D'Agostino, United States District Judge for the Northern District of New York. (Dkt. No. 48). Presently before the Court is defendants' motion for judgment on the pleadings on behalf of defendants Cuomo, Lippman, Prudenti, Hanrahan, Ahl and DiNapoli. (Dkt. No. 66). Plaintiffs have opposed the motion. (Dkt. No. 69).

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

**DISCUSSION**

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment and dismissal of all claims against all defendants, except Hite and Megna, in their official capacities. Defendants assert that plaintiffs' pleadings fail to allege facts sufficient to support a connection between the aforementioned defendants and the enforcement of the challenged statute.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss claims where the plaintiff provides no "plausible" basis to support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Defendants' argue:

> In its Order denying defendants' motion to dismiss the complaint in this matter, the Court noted that plaintiffs' complaint alleged an ongoing violation of federal law, such that the exception to Eleventh Amendment immunity set forth in *Ex Parte Young*, 209 U.S. 123

3

(1908) appeared to apply. (citation omitted). Accordingly, the Court found that the complaint was viable to the extent it requested prospective relief against the individual defendants in their official capacities. (citation omitted). At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities.

Defendants argue that plaintiffs have failed to allege that any of the defendants, except for Hite and Megna, had any connection with the enforcement of the legislative act that has been challenged, and their complaint fails to state a cause of action against those individual defendants in their official capacity. Plaintiffs contend that the implementation and enforcement of the act did not rest solely with Hite and Megna, rather all defendants played a significant role in the implementation and unlawful application of Civil Service Law § 167(8). Plaintiffs also assert that, at this stage of the litigation, plaintiffs' claims are not frivolous and are sufficient to overcome defendants' motion.

In the prior MDO, the Court addressed *Ex Parte Young*:

> Plaintiffs allege that Defendant officials are engaged in enforcing Chapter 491 of the Laws of 2011, a law that is unconstitutional. An allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation of federal law for the purposes of *Ex parte Young*. *See Chester Bross Const. Co. v. Schneider*, No. 12-3159, 2012 WL 3292849, *6 (C.D. Ill. Aug. 10, 2012) (citing *Verizon Md., Inc.*, 535 U.S. at 645). Thus, Plaintiffs have satisfied the first prong of Ex parte Young.

*See* Dkt. No. 48 at 13.

The Court continued with an analysis of the relief requested and ultimately held:

> To summarize, the Eleventh Amendment and principles of sovereign immunity deprive this Court of subject matter jurisdiction over all of Plaintiffs' claims against the State of New York, New York State Unified Court System, New York State Civil Service Department, New York State Civil Service Commission, and New York State and Local Retirement System, and Plaintiffs' claims for monetary damages against the Defendants Cuomo, Lippman, Prudenti, Hite, Ahl, Hanrahan, Megna, and DiNapoli in their official capacities.

4

> Jurisdiction remains over Plaintiffs' claims for prospective injunctive and declaratory relief and against Defendants Cuomo, Lippman, Prudenti, Hite, Ahl, Hanrahan, Megna, and DiNapoli in their official capacities.

*Id.* at 18.

A review of the prior MDO reveals that while defendants neglected to engage in any meaningful discussion of *Ex Parte Young*, for clarity of the record and judicial economy, the Court considered, analyzed and addressed the exception on its own accord. Issues pertaining to the Court's subject-matter jurisdiction must be addressed even if not raised by the parties. *Manso v. Santamarina & Assocs.,* No. 04 Civ. 10276(LBS), 2005 WL 975854, at *15 (S.D.N.Y. Apr. 26, 2005). With this motion, defendants are attempting to re-litigate and reargue an issue that has been addressed by the Court without any new evidence or intervening controlling caselaw. Courts are discouraged from providing defendants with the opportunity to reargue issues previously resolved without a more developed record. *See Remexcel Managerial Consultants Inc. v. Arlequin,* 583 F.3d 45, 54–55 (1st Cir. 2009). Indeed, at this stage of the litigation, this Court is presented with the same record and evidence before the District Judge on the prior motion to dismiss. The evidence and factual record is no further developed. For nearly two years, the parties have been entangled in procedural motion practice. Defendants attempt to persuade the Court that plaintiffs' pleadings are now insufficient based upon the same record. The Court will not allow defendants to reargue issues addressed in the previous Order resolving the motion to dismiss. To do so would allow defendants an opportunity take another bite of the apple. *See Santana v. Warner*, No. 9:11-CV-443, 2012 WL 5876871, at *3 (N.D.N.Y. Nov. 20, 2012). If defendants intend to revisit these issues in the future, the Court strongly urges defendants to participate in discovery to develop the facts in an attempt to steer this case towards a resolution.

## CONCLUSION

**IT IS HEREBY**

**RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 66) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**IT IS SO ORDERED.**

DATE: July 25, 2014
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge