**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BARBARA G. BROWN, as President and on behalf of the CITYWIDE ASSOCIATION OF LAW ASSISTANTS, ARTHUR CHELIOTES, as President and on behalf of LOCAL 1180, COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, JOHN CLANCY, as President and on behalf of the COURT OFFICERS BENEVOLENT ASSOCIATION OF NASSAU COUNTY, CLIFFORD KOPPELMAN, as President and on behalf of LOCAL 1070, DISTRICT COUNCIL 37 AFSCME, AFL-CIO, BRENDA LEVINSON, as President and on behalf of the COURT ATTORNEYS ASSOCIATION OF THE CITY OF NEW YORK, CHRISTOPHER MANNING, as President and on behalf of the SUFFOLK COUNTY COURT EMPLOYEES ASSOCIATION, INC., JOHN STRANDBERG, as President and on behalf of the SUPREME COURT OFFICERS ASSOCIATION, and JOSEPH C. WALSH, as President and on behalf of the NEW YORK STATE COURT CLERKS ASSOCIATION,**

                        **Plaintiffs,**

  **vs.**                                              **1:13-CV-645
(MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO, individually, and in his official capacity as Governor of the State of New York, NEW YORK STATE UNIFIED COURT SYSTEM, JONATHAN LIPPMAN, individually and in his capacity as the Chief Judge of the State of New York, A. GAIL PRUDENTI, individually and in her capacity as Chief Administrative Judge of the State of New York, NEW YORK STATE CIVIL SERVICE DEPARTMENT, PATRICIA A. HITE, individually, and in her official capacity as Commissioner of the New York State Civil Service Department, NEW YORK STATE CIVIL SERVICE COMMISSION, CAROLINE W. AHL and J. DENNIS HANRAHAN, individually, and in their official capacities as Commissioners of the New York State Civil Service Commission, ROBERT L. MEGNA, individually, and in his official capacity as Director of the New York State Division of the Budget, and THOMAS P. DiNAPOLI, individually, and in his official capacity as Comptroller of the State of New York, and NEW YORK STATE AND LOCAL RETIREMENT SYSTEM,**

**Defendants.**

APPEARANCES:                                OF COUNSEL:

**GREENBERG BURZICHELLI**                   **SETH H. GREENBERG, ESQ.**
**GREENBERG P.C.**                          **LINDA N. KELLER, ESQ.**
3000 Marcus Avenue, Suite 1W7
Lake Success, New York 11042
Attorneys for Plaintiffs

**OFFICE OF THE NEW YORK**                  **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**                  **JUSTIN L. ENGEL, AAG**
The Capitol                                 **RACHEL M. KISH, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On February 22, 2012, Plaintiffs commenced this action alleging that Defendants unilaterally increased the percentage of contributions that Plaintiffs, unions representing active and retired employees, are required to pay for health insurance benefits and thereby violated the Contracts Clause and Due Process Clause of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their respective Collective Bargaining Agreements, and violated state law. In a September 30, 2013 Memorandum-Decision and Order, the Court granted in part and denied in part Defendants' motion to dismiss the complaint. *See* Dkt. No. 48. Relevant here, the Court denied Plaintiffs' motion insofar as it sought to dismiss the official capacity claims against Defendants insofar as they sought prospective injunctive and declaratory relief. *See* Dkt. No. 48 at 18.

On May 30, 2014, Defendants filed a motion for judgment on the pleadings, seeking to dismiss the official capacity claims against Defendants Cuomo, Ahl, Hanrahan and DiNapoli. *See*

Dkt. No. 66-1 at 3.  Defendants contend that the complaint fails "to allege facts sufficient to support a connection between those defendants and the enforcement of the challenged statute." *Id.*  On July 25, 2014, Magistrate Judge Hummel recommended that the Court deny Defendants' motion, finding that Defendants are "attempting to re-litigate and reargue an issue that has been addressed by the Court without any new evidence or intervening controlling caselaw."  Dkt. No. 72 at 5.  Neither party objected to Magistrate Judge Hummel's Report-Recommendation and Order.

In deciding a Rule 12(c) motion, the court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should deny Defendants' motion for judgment on the pleadings. In the July 25, 2014 Memorandum-Decision and Order, the Court

4

discussed and disposed of the exact arguments raised in the present matter. *See* Dkt. No. 48. In their motion, Defendants failed to cite to any authority that the Court overlooked or improperly applied. Having already determined the sufficiency of the complaint as to these claims, Magistrate Judge Hummel correctly recommended that the Court deny Defendants' motion for judgment on the pleadings.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's July 25, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance in the Local Rules; and the Court further

**ORDERS** that all further non-dispositive pretrial matters are referred to Magistrate Judge Hummel.

**IT IS SO ORDERED.**

Dated: March 20, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge